UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NORMAN REITMEYER,

        Plaintiff,

v.

N. MONROE et al.,

        Defendants.
_____/

Case No. 1:19-cv-25

Honorable Robert J. Jonker

OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

    I.    <u>Factual allegations</u>

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee County, Michigan. Plaintiff sues

the following MDOC employees at ECF: Nurse N. Monroe, Prisoner Counselor (unknown) Holden, and an unnamed party identified as the Quartermaster.

Plaintiff alleges that in December 2017, he sent a kite to healthcare concerning his shower shoes. They are too narrow for his feet. His feet are a size "E" width, but the only shoes available in the prison store are a size "D" width. He contends that he needs authorization from healthcare personnel or the quartermaster to order shoes in the proper width from an outside vendor.

Nurse Monroe responded to Plaintiff's kite telling him to contact his Assistant Resident Unit Supervisor (ARUS) because healthcare "does not provide this service." (Kite Response, ECF No. 1-1, PageID.9.) Apparently, Plaintiff subsequently filed a grievance about the need for wider shoes, but his grievance was denied. According to the grievance responses attached to Plaintiff's complaint, shower shoes are not a "required item" to be supplied by the MDOC; prisoners must purchase them of their own accord. (Step I Grievance, Response, ECF No. 1-1, PageID.12.) The prison official responding to Plaintiff's grievance suggested that he fill out a "clothing replacement/exchange" form and submit it to the quartermaster for approval. (*Id.*)

Plaintiff alleges that he has been given "the runaround" by healthcare, Defendant Holden, and the Quartermaster for a year. (Compl., ECF No. 1, PageID.3.) He has not received shower shoes in the proper width. He contends that he cannot shower safely without them due to the risk of exposure to "foot fungus, spores, [and] black mold[.]" (*Id.*)

Plaintiff claims that Defendants have violated his right to adequate hygiene under the Eighth Amendment, and have deprived him of his due process right to order shoes using an indigent loan, as allowed under prison policy.

As relief, Plaintiff seeks $84,000 and an injunction allowing him to order proper shoes in accordance with prison policy.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

3

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment

Plaintiff contends that Defendants have subjected him to conditions that violate his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate

4

indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff fails to state a claim because he does not allege that he faced sufficiently serious risk to his health or safety. Plaintiff contends that he is concerned about foot fungus, spores and black mold, but he alleges no details to support such concerns. He does not allege that foot fungus and black mold are, in fact, present in the shower area.

And even assuming that foot fungus and black mold are present, those conditions do not present a sufficiently serious risk to Plaintiff's health or safety. Minor skin rashes and other conditions like athlete's foot are not considered to be serious enough to give rise to an Eighth Amendment claim. *See Kirkland v. Keeling*, No. 12-15275, 2014 WL 186092, at *14 (E.D. Mich. Jan. 16, 2014) (collecting cases) (dismissing prisoner's claim for failure to treat athlete's foot).

Likewise, the presence of black mold on the floor of the shower area does not create a condition "intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Exposure to black mold that is airborne and can be inhaled into the lungs may be sufficiently serious to give rise to an Eighth Amendment claim, but exposure to black mold through skin contact is a different matter. *Compare Board v. Farnham*, 394 F.3d 469, 486-87 (7th Cir. 2005) (mold in the ventilation system violates Eighth Amendment), *with Causey v. Allison*, No. 1:08CV155-RHW, 2008 WL 4191746, at *1 (S.D. Miss. Sept. 9, 2008) (no Eighth Amendment violation where prisoner claimed black mold was growing in the shower but "admits that he has had no medical problems resulting from the black mold"); *see also McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *2-4 (W.D. Mich. Sept. 10, 2007) (dismissing prisoner action and holding that some exposure to black mold is a risk society has chosen to tolerate); *Morales v. White*, No. 07-2018, 2008 WL 4584340, at *14 (W.D. Tenn. 2008) (holding that allegations that black mold is located at some place within a

5

housing unit is not sufficient to support an Eighth Amendment claim). The Court is not aware of a health risk associated with stepping on black mold with one's bare feet, and Plaintiff has not alleged one. Accordingly, his allegations about the possible exposure to fungus and black mold due to lack of adequate shower shoes are not sufficient to state an Eighth Amendment claim.

### B. Due Process

Plaintiff contends that Defendant Holden deprived him of a due process right "to specially order these shower shoes under Indigency Policy." (Compl., PageID.3.) "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. A prisoner is entitled to the protections of due process only when a sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87.

In *Sandin*, the Court shifted the focus from "the language of a particular regulation" to "the nature of the deprivation[.]" *Id.* at 481. Although states may "under certain circumstances" create liberty interests for prisoners that are protected by the Due Process Clause, those interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in

such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483-84.

Here, Plaintiff has not alleged a liberty or property interest protected by due process. He does not allege that Defendants deprived him of property. Nor does he allege that they imposed an "atypical and significant hardship" on him in relation to the "ordinary incidents of prison life." He simply alleges that he cannot order the shoes that he wants. He relies upon a prison policy for his rights, but as *Sandin* makes clear, the fact that there is a prison policy giving him a particular right is not sufficient to give rise to a liberty interest protected by the Constitution. "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). In other words, Plaintiff does not state a due process claim.

### C.  Prison Policy

To the extent Plaintiff contends that Defendants did not follow prison policy, that failure is not enough to state a claim under § 1983. An alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Accordingly, for all the foregoing reasons, Plaintiff does not state a claim under § 1983.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: February 12, 2019    /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE